REYES, PLAINTIFF AND APPELLANT, *v.* CABASSA, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action of Filiation.—Memorandum of Costs.

No. 2614.—Decided January 8, 1923.

FILIATION—INHERITANCE—COMPROMISE—COSTS—ATTORNEY FEES.—The cause of action for recovery of inheritance having been compromised by leave of the court in an action wherein the first cause of action of the minor plaintiff was for his acknowledgment as a natural child, and the defendant having proved in the matter of the memorandum of costs that by the payment of the $5,000 in the compromise he was relieved of all liability within the action, it is necessary to conclude that he was likewise relieved from the payment of the attorney fees claimed by the plaintiff in his memorandum under a judgment sustaining the complaint as to the acknowledgment and imposing the costs upon the defendant.

The facts are stated in the opinion.
*Mr. L. Tormes* for the appellant.
*Mr. J. Tous Soto* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The present action was disposed of by a judgment which imposed the costs upon the defendants and thereupon the

plaintiff filed a memorandum of costs containing items for clerk's fees, witnesses' fees and an item of $5,000 for attorney's fees. Defendant Jacobo L. Cabassa opposed the bill as a whole and especially the right to collect attorney's fees, alleging that they had been paid, but the court approved all of the items except that of the $5,000 for attorney's fees, which it reduced to a nominal fee of $25. The plaintiff appealed from that order, in so far as it denied recovery of the said $5,000.

The action was brought by Carmen Reyes as mother with *patria potestas* over her unemancipated minor child, Jaime Leopoldo Reyes, against the heirs of Leopoldo Cabassa Pica consisting of his three children and a minor granddaughter represented by her mother. It was a mixed action of filiation and for recovery of inheritance. Jacobo L. Cabassa appeared, pleaded and answered the complaint. All of the other defendants defaulted.

Before the trial the district court authorized Carmen Reyes to compromise in the name of her unemancipated minor child, Jaime Leopoldo Reyes, with Jacobo L. Cabassa for the sum of $5,000 the cause of action for the recovery of the hereditary interest that the said minor might have as an acknowledged natural child of Leopoldo Cabassa Pica, directing her to pay the sum of $2,500 to attorney Leopoldo Tormes as fees for services rendered by him in the action of filiation by virtue of a contract with the plaintiff under which he was to receive fifty per cent of the amount recovered as the minor's hereditary share. As a consequence of that authorization a public deed of compromise was executed between Carmen Reyes and Jacobo L. Cabassa, as heir of Leopoldo Cabassa Pica and assignee of his two brothers, who were also heirs, with regard to the action for the recovery of inheritance, and it was covenanted that the plaintiff should withdraw the said cause of action in consideration of the sum of $5,000 paid by Cabassa. Out of that sum attorney Leo-

poldo Tormes received $2,500 and the plaintiff withdrew the second cause of action. The case was then tried without appearance by the defendants and judgment was rendered sustaining the complaint as to the first cause of action with the costs against the defendants.

At the hearing on the memorandum of costs the defendant introduced the deed of compromise and oral evidence tending to show that by the payment of the $5,000 Cabassa was relieved of all further payment by reason of the action and the court found from the evidence as a whole that the attorney's fees in the action of filiation were a part of the compromise and that the payment by defendant Cabassa of the said $5,000 covered all sums of money which he was bound to pay to the plaintiff as a result of the action, and the court held that for this reason the plaintiff was entitled only to nominal attorney's fees, which it fixed at the sum of $25.

As it is the plaintiff who appealed from the court's order reducing to $25 the amount claimed as attorney's fees, the question is whether notwithstanding the judgment imposing the costs upon the defendants there is no obligation on the part of defendant Cabassa to pay the plaintiff's attorney's fees because he has shown that by the payment of the $5,000 as a compromise he was relieved from all other liability by reason of the action and, consequently, from the payment of said fees. From the evidence as a whole the court below so found and we agree with its conclusion. It is true that the appellant now maintains that the testimony of witnesses to establish the extent of the compromise was not admissible because the compromise was set forth in a public deed, but this question need not be considered inasmuch as the plaintiff did not object to the introduction of that evidence.

It is also a fact that the compromise covered only the second cause of action referring to the hereditary interest

of the minor and that the case was tried on the first cause of action, yet not only did the compromise as to the heredi-tary share of the minor plaintiff imply a tacit admission by Jacobo L. Cabassa that the minor was an acknowledged natural child of Leopoldo Cabassa Pica, as otherwise he would not have recognized its interest in the inheritance, but from the evidence it appears that the compromise was made only as to the second cause of action because the va-lidity of a compromise in the action of filiation affecting the plaintiff's civil status was doubtful, and that was shown by the fact that after the compromise the appellee did not appear to take part in the trial on the first cause of action. Furthermore, a compromise terminates the action and, there-fore, when Cabassa compromised for the sum of $5,000 and paid it there could be no further claims against him by reason of the action and consequently he was relieved of the payment of any kind of costs; but inasmuch as this appeal was taken by the plaintiff and we should not curtail her situation, we shall affirm the judgment appealed from in the form in which it was rendered.

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.